IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ENRIQUE ZARAGOZA,

    Petitioner,                    No. CIV S-08-1596 JAM DAD P

    vs.

W.J. SULLIVAN, Warden,

    Respondent.                FINDINGS AND RECOMMENDATIONS

/

        Petitioner, a state prisoner proceeding pro se, has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 6, 2008, the undersigned ordered respondent to file and serve a response to the petition. On December 19, 2008, respondent moved to dismiss, arguing that petitioner's habeas petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has filed a timely opposition to respondent's motion to dismiss, and respondent has filed a reply.

**BACKGROUND**

        On December 1, 1993, in the Sacramento County Superior Court, petitioner entered a plea of guilty to one count of aggravated assault and one count of being a prisoner in possession of a weapon. He was sentenced to five years in state prison and did not appeal his conviction. (Resp't's Lodged Doc. 1.) However, petitioner did file three state habeas petitions

1

challenging his conviction. On October 1, 2006, he filed a petition for writ of habeas corpus in the Sacramento County Superior Court. which was denied on December 21, 2006. (Id., Doc. 2, 3.) On January 8, 2007, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal which was denied on January 25, 2007. (Id., Doc. 4, 5.) On March 21, 2007, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Id., Doc. 6.) On August 8, 2007, the California Supreme Court denied the petition. (Id., Doc. 7.) On February 27, 2008, petitioner commenced this action by filing a federal petition for writ of habeas corpus. On September 22, 2008, petitioner filed an amended petition.

## RESPONDENT'S MOTION TO DISMISS

Respondent moves to dismiss arguing that petitioner's federal habeas petition is time-barred. Specifically, respondent argues that petitioner's conviction became final on January 30, 1994. Accordingly, for purposes of federal habeas relief, respondent argues that the one-year statute of limitations began to run on April 25, 1996, the day after AEDPA's enactment, and expired one year later on April 24, 1997. (Resp't's Mot. to Dismiss at 4.)

Respondent acknowledges that the proper filing of a state post-conviction application with respect to the challenged conviction tolls the AEDPA statute of limitations period. However, respondent contends that petitioner did not file any state post-conviction actions within the one-year limitations period. Accordingly, respondent concludes that petitioner is not entitled to statutory tolling and that petitioner's federal habeas petition is untimely by more than ten years. (Resp't's Mot. to Dismiss at 4-5.)

## PETITIONER'S OPPOSITION

Petitioner has filed an opposition to respondent's motion to dismiss arguing that he could not bring his petition earlier because of his lack of education and his poverty. Petitioner contends that he is incompetent and that his case displays the rare circumstances in which AEDPA should not bar a late filing. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 4-8.)

/////

2

**RESPONDENT'S REPLY**

In reply, respondent argues that petitioner is not entitled to equitable tolling of the statute of limitations. Specifically, respondent contends that petitioner has not pursued his claims diligently, noting that he filed his first state habeas petition more than nine years after the statute of limitations for filing a federal petition had expired. Moreover, respondent contends that lack of education, lack of knowledge of the legal system, and poverty are not extraordinary circumstances warranting the equitable tolling of the AEDPA statute of limitations. Accordingly, respondent reiterates that petitioner's federal habeas petition is untimely and should be dismissed. (Resp't's Reply at 3-4.)

**ANALYSIS**

I. <u>The AEDPA Statute of Limitations</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending shall not be counted toward
any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. The AEDPA One-Year Grace Period

In this case, petitioner's conviction became final before the enactment of AEDPA. Accordingly, the one-year statute of limitations began to run on April 25, 1996, the day after AEDPA's enactment, and expired one year later on April 24, 1997. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner did not file any state habeas petitions in the year following April 25, 1996. Thus, the one-year limitations period ran without interruption from April 25, 1996, until it expired on April 24, 1997. Petitioner did not file his federal habeas petition until February 27, 2008, more than ten years later. Accordingly, petitioner's federal petition for writ of habeas corpus is untimely unless he is entitled to statutory or equitable tolling.

III. Statutory Tolling

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).[1] Here, petitioner did not appeal his conviction and did not file his first state post-conviction challenge until after the statute of limitations had expired. It is well established that "section 2244(d) does not permit the

---

[1] Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

4

reinitiation of the limitations period that has ended before the state petition was filed." Fergusen v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, petitioner is not entitled to statutory tolling.

IV. Equitable Tolling

The U.S. Supreme Court has held that, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). See also Lawrence v. Florida, 549 U.S. 327, 328 (2007) (assuming without deciding that equitable tolling applies to § 2244(d)). The Ninth Circuit has stated that "the purpose of equitable tolling 'is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008). Nonetheless, equitable tolling of the AEDPA statute of limitations will be unavailable in most cases. See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

In this case, petitioner has not demonstrated that he has been pursuing his claims diligently. Petitioner waited more than nine years after he entered a plea of guilty to challenge his conviction in state court. Moreover, petitioner's alleged lack of education, lack of understanding of the legal system, and poverty are unfortunate circumstances common to many prisoners and simply do not represent the kind of extraordinary circumstances required for equitable tolling. See, e.g., Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); Hughes v. Idaho State Bd. of Corrs., 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of the law unfortunate but insufficient to establish cause). Accordingly, petitioner is not entitled to equitable tolling.

/////

/////

Under these circumstances, the court concludes that petitioner's federal petition for a writ of habeas corpus is time-barred. Respondent's motion to dismiss should therefore be granted, and petitioner's federal petition should be dismissed with prejudice.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's December 19, 2008 motion to dismiss (Doc. No 21) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 16, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
zara1596.157